## GLAVIN v. SAVARESE et al.

*(City Court of Brooklyn, General Term.* · May 27, 1889.)

MASTER AND SERVANT—LIABILITY TO THIRD PERSONS—PROVINCE OF JURY.

   In an action for personal injuries caused by the negligence of the driver of a truck, plaintiff showed that the driver had been for 10 years in defendants' employ; that he was driving one of their trucks at the time of the accident, and about to take a goat to defendants' stable. Defendants contended that the driver was either acting for himself or for the son of one of defendants, and offered the testimony of such son, and of the driver, to that effect. *Held,* that the testimony raised a question of fact, which was properly submitted to the jury.

Appeal from trial term.

Action by Francis Glavin, an infant, by his guardian *ad litem,* against Vincenzo Savarese and others, for damages for personal injuries. The house in which plaintiff resided with his parents fronts on a passage-way from 15 to 18 feet in width, and is surrounded by a board fence. This passage-way was a private road, on private grounds, used by the neighbors for their own convenience, and not laid down on the street commissioner's map. Defendants were partners in business, and, as the owners of certain teams of horses and trucks, had employed Thomas Vasco as driver for 10 years prior to the accident. Vasco drove down this passage-way to obtain a goat purchased by the son of one of the defendants. Having placed the goat on his truck, he was informed that there was not room enough for him to turn where he was, but that he should proceed a little further down the passage-way, where there would be "plenty of room to swing and turn." The driver, notwithstanding, proceeded to turn back, and, being in front of plaintiff's house, the rear end of his truck caught plaintiff, who was standing on a stone at the corner of the board fence, trying to keep out of the way, and inflicted on his abdomen a wound several inches long and half an inch deep. From a judgment entered on the verdict in favor of plaintiff, and from an order denying their motion for a new trial, defendants appeal.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Tighe & Molloy,* for appellants. *Patrick Keady,* for respondent.

CLEMENT, C. J. The principal question argued by the counsel for the appellants in this case was whether or not the driver, Thomas Vasco, who was in possession of the horse and truck at the time plaintiff was injured, was acting on behalf of the appellants, and within the scope of his employment. The plaintiff proved that Vasco had been for 10 years employed by the defendants as a driver, and was driving at such time their truck, and had gone for a goat, which he was to take to their stable. On such testimony, as to which there was no dispute, the plaintiff made out a *prima facie* case that Vasco was acting for the defendants. The counsel for defense then attempted to show by Vasco, the defendant Ferdinando Savarese, and by Daniel Savarese, a boy and the son of defendant Vincenzo Savarese, that the driver was acting for himself at the time, or for the boy, who testified that he bought the goat and that the defendants had no knowledge of his intention to go for it. The charge at the trial is not printed in the case, and we assume that the question was submitted to the jury, whether the witnesses for defendants told the truth or not. The plaintiff was not in a position to contradict any of the testimony of the defendants' witnesses, except by the facts that the driver was in the employ of the defendants, and was driving their truck, and was employed in taking a goat to their stable. We are of opinion that there was a conflict in the testimony. Otherwise, in any case of carelessness of the driver of a vehicle, if the employer and the driver both testify that the driver was employed in his own business at the time, a nonsuit would follow. The question of negligence of the driver, and the want of contributory negligence

on the part of the plaintiff, were also properly submitted to the jury. The judgment and order denying a new trial must be affirmed, with costs.

OSBORNE, J., concurs.